22-3778 Megan Marie Teter v. Richard A. Baumgart, United States trustee, oral argument not to So Susan Gray for the appellate. Thank you very much, thank you Your Honor. Good afternoon. My name is Susan Gray. I think I want to point out at the start is that this case is not against Richard Baumgart, trustee. And you're reserving 3 minutes, correct? Yes I am, excuse me. This case is against the United States trustee. It was mischaracterized at the district court level and I brought it up a couple times. This does not involve the Chapter 7 trustee. I don't want any confusion to arise as a result of that. This is the United States government that we're talking about. And we ask that the court reverse the decision of the trial court and remand the case for determination of unresolved questions. If any confusion arises from what I just said, please let me know because it's a very important distinction. Well, I mean, if you're making that distinction, then how can you be saying that this was an adversary proceeding against the government, the U.S. government, when I think you were arguing it was an adversary proceeding against the trustee. No, it is not. That's why I'm saying. He's the only party that filed anything against your client. The Chapter 7 trustee didn't. The U.S. trustee did. Richard Baumgart was the Chapter 7 trustee. And that's where I wanted to be clear. Richard Baumgart is not a party to this case. The Chapter 7 trustee is not a party to this case. The United States trustee is a party to this case. And that's the U.S. government. I hope that's clear. Okay. So how is this a civil action? This is a civil action because this is an action governed by the Rules of Bankruptcy Procedure. And the Rules of Bankruptcy Procedure in 9002, this case arose in the bankruptcy court. Ms. Teter filed a petition for debt relief in the bankruptcy court. In her petition for debt relief, she had to file a means test document. In the means test document, she said, I don't have to prepare a means test because my debts are not primarily consumer debts. So she didn't do the mathematical tests provided by Section 707. However, the U.S. trustee filed a motion to dismiss her Chapter 7 case, claiming that under Chapter 707, I'm sorry, Section 707, it was an abuse of discretion. If she received a Chapter 7 discharge, it would be an abuse of discretion. The reason this is a civil action is in part because the Rules of Bankruptcy Procedure say it is. Rule 9002 says a contested matter in the bankruptcy court is a civil action. Does that point help you or hurt you? It helps me. In other words, if it was a civil action under Rule 2 of the civil rules, the bankruptcy code wouldn't have to define it as a civil action, would it? Well, the bankruptcy code doesn't define it, but Rule 9002 is an interpretation statute. It defines itself. It says, you know, when you are looking at the federal rules and we're applying them to the bankruptcy code, then this is what a statement in the rule, in the regular Federal Rules of Civil Procedure... I understand how it works, but if it already covered civil action, the bankruptcy rules would not have had to say it. It's sort of like, X for this purpose means Y. We want everyone to understand. In this case, X actually means Y or Z. I think I understand what you're saying, but it's an interpretation statute. It's like the bankruptcy code says certain words, like contested matters, and the bankruptcy rules say when the bankruptcy code says contested matter, you interpret that as a civil action as though it were in the Federal Rules. So that's why they do it, so that we understand what things mean and how they would be interpreted under the Federal Rules. I mean, normally a civil action begins with a complaint, and there's a defendant. But that's not the way bankruptcy works. I mean, it's not a complaint. That's true, Your Honor. Well, I mean, it's not a defendant. I mean, you're just seeking relief for discharge in bankruptcy under Chapter 7. True. Who's the defendant? In this case, it was Megan Teter. Megan Teter started the case, initiated the case. She's the debtor. Yes, she is. And she initiated the case as a petitioner. However, when the U.S. trustee entered an appearance and filed a motion against her, she became the defendant in that case. She had to defend her right to a discharge. You know, Collier describes cases within cases. The bankruptcy case is an umbrella case in which there are many other cases. For example, an objection to claim has been held to be a contested matter and a civil action subject to the Equal Access to Justice Act. Whenever a matter becomes a contested matter, it becomes a civil action within the confines. In fact, the Tenth Circuit case, O'Connor, which held that the Equal Access to Justice Act applies, arose out of emotion. And many cases within the bankruptcy context that apply the Equal Access to Justice Act are, in fact, cases that arise out of emotion. A challenge to discharge and things of that nature. I understand there's a circuit split already, though, on whether the EAGA applies in bankruptcy cases. I would say not exactly. Well, there's a difference. The first case that came out was the Eleventh Circuit case. And that was Henry Bowen. And actually, that related to... I'm glad you raised this point because it's an important point. That related to whether the Equal Access to Justice Act applied in tax court cases. And Bowen said no because it's a Title I court, or Article I court. So it didn't really turn on whether it was a civil action. It turned on whether it was an Article III court or an Article I court. And then a subsequent case arose in the district and the court said, you know, there's nothing we can do. You know, a bankruptcy court is an Article I court. Bowen already said the Equal Access to Justice Act doesn't apply in Article I courts. So you're just out of luck. But then the Tenth Circuit disagreed and said, we don't care that it's an Article I court. That was the O'Connor case. So we don't care that it was an Article I court. It doesn't matter. It still applies. The Fifth Circuit applied it. But you see there's a distinction that I'm making here because the circuit split, Your Honor, is not whether the Equal Access to Justice Act or whether the bankruptcy... a contested matter in the bankruptcy case is a civil action. That's not what the circuit split is about. The circuit split is about whether the Equal Access to Justice Act applies in an Article I as opposed to an Article III court. The Sixth Circuit, we haven't decided that question yet. The Sixth Circuit, I believe, has not decided that question for sure. However... So what's your argument as to why a bankruptcy court is a court for purposes of the Equal Access to Justice Act? The bankruptcy court is a court for purposes of the Equal Access to Justice Act because Title 28, in many places, refers to a court of the United States, and that has been defined as an Article III court. However, Title 28 in the Equal Access to Justice Act does not refer to a court of the United States. It refers to any court. And to suggest that Congress doesn't know the difference between a court of the United States and any court is to fail to give meaning to the actual words of the statute. How do you deal with subsection 2412D2F, which explicitly singles out the U.S. Court of Federal Claims and the U.S. Court of Appeals for Veterans Claims, which are Article I courts, but there's no singling out of bankruptcy courts? When Congress amended the statute to include one court and then later another court, it made a point to say we are simply recognizing what is already statutory law, what is already the law. The problem in both those cases, with the Court of Claims, the problem arose because there was a severe rift in the country about whether the Court of Claims was meant by any court. And so it made the decision to amend the statute. And then later the Court of Veterans Appeals ruled that it was not any court. And when Congress amended that, it said we're just saying what's already federal law. And even went on to say, do not construe the fact that we mentioned these two as an omission of any other Article I court. Congress has been very clear that any court means to have an expansive reading of any court. Are there particular cases in the Court of Federal Claims or the Court of Appeals for Veterans Claims in which the court held it was not a court for purposes of? Exactly. What were they? What were the cases? Yes. Your Honor, I will give you those cases. I have them in my list. Okay. I'd like to see those because that would be helpful to understand the statutory language because I don't think there's anything else in the statute talking about Article I courts other than those two. I can find those cases, Your Honor. I have them in my notes. Another question would be, even if you get past this jurisdictional, how do you justify your client as being the prevailing party where the trustee ended up just withdrawing his objection, right, to the discharge? Well, I want to emphasize, Your Honor, it was a U.S. trustee just because that's an important decision. A U.S. trustee, yeah. If the U.S. trustee had prevailed, she wouldn't have gotten her discharge. The U.S. trustee didn't prevail. She got her discharge. It wasn't because of the court ruling in your client's favor on a contested motion. The court didn't rule because at the 11th hour, the U.S. trustee withdrew his motion. Right, right. But many times, in fact, there are many examples in the canon where bankruptcy courts have held, just because the U.S. trustee withdrew his motion, that doesn't mean you aren't the prevailing party. That's very consistent in the case law. Once they put up the barrier, once the U.S. trustee puts up the barrier and you get past the barrier... Are you going to cite cases where, in fact, you've been given attorney fees? Those are in my brief, Your Honor. Those cases are. Prevailing party? Yes. Yes. And also, yes, just the fact that... Oh, I was going to say, in the legislative history gave an example. It talked about if the government withdraws, for example, an appeal, the individual litigant is considered to have prevailed. The fact that they simply withdraw rather than get a ruling doesn't keep the individual from being the prevailing party. It's a specific example in the legislative history, which like the... Go ahead. Can I say about the statute rather than the legislative history? Section 707A5A is a provision that seems to address specifically fees and costs in the bankruptcy context and expressly prohibits an award of fees or costs against the trustee unless... I think there's like two exceptions. The motion did not comply with the requirements of these clauses or the purpose was to coerce the debtor into waiving a right. So we had a specific provision in the bankruptcy statutes that addresses fees, and you're referring to a general statute that applies, you're saying, across the board. Why wouldn't we defer to the more specific statute that sets out rules for fees against the trustee? Because, first of all, Rule 9011 is a very different statutory framework than the Equal Access to Justice Act. In 11 U.S.C. 106, Congress waived statutory immunity with respect to the rules of procedure, the rules of bankruptcy procedure. That made Rule 9011 applicable in bankruptcy cases. When Congress enacted 707B, it withdrew that one statutory... I'm tongue-tied, I'm sorry. It's just that if you don't... If you don't do this in reply, we can... No, no. The question is... A waiver, it was a waiver. Congress waived the rules of bankruptcy procedure, waived statutory immunity with regard to the rules of bankruptcy procedure in Section 106. But then it kind of withdrew that waiver in 707. But it didn't withdraw the waiver with regard to the Equal Access to Justice Act. It simply withdrew the waiver with regard to Rule 9011. Now, why is this important? Rule 9011 is a specific statute, and it's really... It's not so much a fee-shifting statute. When you get down to an analysis of Rule 9011, it's not a fee-shifting statute. It's a sanctioned statute. It's a disciplinary statute. The damages are against the attorney. The damages are not against the litigant. Rule... That's helpful. That's great. Okay. Well, you have rebuttal time, so we'll... Am I done already? Thank you. Okay. Good afternoon, Your Honors, and may it please the Court. I'm Jeff Sandberg for the United States Trustee. As the District Court held, and I think as this Court's questions have suggested, there are a number of grounds, possible grounds, on which the District Court's judgment, in turn affirming the Bankruptcy Court's judgment, could be affirmed. In our view, the Bankruptcy Court's grounds for decision would be an appropriate resolution of this case, which is that the term civil action, as used in EJIA, does not clearly and unambiguously include voluntarily filed bankruptcy cases or contested matters, such as motions to dismiss, that are filed within such cases. What's your position as to when, if ever, a civil action could occur in a bankruptcy proceeding? We haven't opined on the question of adversary proceedings, which we think presents a closer question. Indeed, the analysis may differ depending on the type of adversary proceeding at issue. There are some adversary proceedings in bankruptcy that are bound up with the bankruptcy itself, such as an objection to the discharge of a debtor under 727. Then there are adversary proceedings that, as the Supreme Court suggested in Bullard v. Blue Hills, are things that would have been, in another court, a contract action, or a tortious interference action in another court, that's brought before the Bankruptcy Court only because the debtor happens to be a bankrupt. Something that would ordinarily be a civil action in another court, when brought into Bankruptcy Court, looks more like a civil action to me than an adversary proceeding that's an objection to discharge, but we haven't briefed those issues. What about an involuntary bankruptcy where the government is one of the creditors that puts the debtor into bankruptcy? We also haven't briefed that issue and think it would be appropriate to reserve it. There would be some degree of adversariness there. I think it's enough to bite off for this case to say that it's plausible to read the term civil action not as a residual category, meaning all that is not criminal, but instead as a term of art as it is used throughout Title 28, which means an adversary lawsuit brought by complaint or petition for review against one or more named defendants seeking judicially ordered relief, culminating in a judgment in the plaintiff's favor. EJIA requires the fee application to be filed within 30 days of final judgment. There is no judgment in a bankruptcy case. The case is simply closed after all of the estate has been administered. I think debtor here filed her motion several times precisely because it was hard to figure out, in her view, when the right time would be. And there's just lots of things about a bankruptcy case or contested matters within a case that don't line up with the term of art usage of civil action in Title 28. There's no, and I think Your Honor's questions got to a lot of this already, there's no complaint, there's no plaintiff and defendant, there's no adversariness in fact necessarily at all, there's no final judgment, and it's hard to say who is the prevailing party in a bankruptcy case if everyone walks away with something. Did the debtor owe any money to the government? Was that any of the liabilities in the debtor's case? No, no. The U.S. trustee was participating in this case because it had to by statute. It has to review every individual Chapter 7 case in which the debts are primarily consumer debts and review whether it would be presumptively abusive. There were no student loans involved. Sorry? No student loans. There were student loans involved here, and in fact the dispute initially was about, well, there were several reasons why the U.S. trustee ended up filing the motion. The majority of her claim was based on student debt. That's right. And in the U.S. trustee's view, student loan debt is ordinarily incurred for a personal, family, or household purpose. And that's not owed to the government? And is therefore consumer debt. Student loans aren't owed to the government? Your Honor, I'm not actually aware of who the holder of that debt was here, but it could be private student loan debt. I apologize. I shouldn't know the answer. I guess what I'm getting at is I'm trying to think in terms of how you define a civil action against the government, involving the government on the other side. And it seems to me maybe the definition might involve the government getting something out of it at the end of the day, monetarily or otherwise. Well, we don't think it's a bankruptcy case itself as a civil action, even if the government is a creditor. We don't think a bankruptcy case is an action against anyone in which a debtor prevails. The debtor can get the discharge and the creditor, whether it's a government creditor or not, can recover a substantial amount of assets and sort of everybody wins. There's lots of reasons. We think that the bankruptcy court laid them out quite well in its opinion as to why bankruptcy cases are not unambiguously civil actions within the meaning of EJA. We could rule in your favor without even going that broad, correctly, right? You could. As Judge Gilman asked, you could say that simply the debtor here did not prevail and we would welcome an affirmance on any grounds. Our main concern is just that if you predominate the broader question, we would hope it wouldn't inadvertently open the floodgates to other debtors challenging this kind of thing. I thought Judge Bush was asking about other possibilities in which the United States is involved. In other words, we could say that the United States simply, in a Chapter 7 case, moving in this sense, that itself is not a civil action. I thought you were wrong. Without going beyond that. I thought Judge Bush was asking about other possibilities. I was. There haven't been many debtors who have tried to get fees against the U.S. trustee, frankly, and the three cases that have come to the Court's attention that are addressed in both of our respective briefs are bankruptcy court decisions that are not persuasive. Our main concern here is just that this Court's opinion wouldn't in any way invite more litigation in this area of law. We think that just at the sort of logical threshold is to say that this isn't a civil action, but you could also say that the debtor wasn't a prevailing party. You could also say that 707b-5 applies in the specific context of motions to dismiss under 707b and precludes EJA. What do you think about that? We could say, what do you think about that argument? I think it's a good argument. I think it's correct. I think 2412d says, except as otherwise specifically provided by statute, you can get attorney's fees. And then 707b-5 says you can get attorney's fees. There is fee shifting. You can get attorney's fees under a Rule 9011 standard, but not against the U.S. trustee. But there's slight differences in the grounds for getting fees between the two. Under EJA, it's substantially justified. And under the bankruptcy statute, it's coercing a debtor into waiving a right. So those are slightly different standards. You could do one and not the other. I think that any differences that are there just point out how anomalous and incorrect it would be to recognize an EJA remedy here because, as we mentioned in footnote 18 of our brief, Congress originally in the draft legislation used a substantial justification standard for 707b-5. And then there was concern that that was going to deter too many meritorious filings. And so Congress said, okay, we're not going to borrow substantial justification as the standard. We're going to make it much harder to get fees. And we're going to set it as Rule 9011. And even then, we're not going to allow fees against the U.S. trustee because we want the U.S. treaty to trustee. And here I'm hypothesizing about what Congress might have wanted. I don't have specific legislative history to point to, but Congress envisioned a particular role for the U.S. trustee where they must come in in every case and file a statement within a particular amount of time, whether according to a mathematical formula, something is or is not abusive. And I think Congress probably recognized that if you allow fees, even under Rule 9011 against the U.S. trustee, you're going to potentially deter the U.S. trustee in the performance of its statutory function. So to think that Congress would have intended to leave the door open. I should know this. Which statute was first, 707 or 2412? 2412 was enacted in 1980. And 707B5 was enacted in 2005, I believe. It's part of the BAPCPA. Thanks. I'm familiar with that statute. I'm certainly happy to answer any questions about any of the possible grounds for firmness in this case. Since it came up... What's your position about whether or not the bank... fees can be brought? They have HES jurisdiction? Yeah. We didn't agree. We haven't briefed that issue. There is a circuit split on it. We don't think this court needs to take a side on that circuit split. There are a few reasons why. First of all, the 11th Circuit, which said that a bankruptcy court is not a court, still nonetheless contemplated that there should be a remand for the bankruptcy court to do a report and recommendation to the district court, which could potentially enter the fees. We would like an efficient resolution of this dispute and all disputes. To the extent there's the chance... We wouldn't want this to go back in an R&R posture to the district court when we think there are other grounds that preclude EGIF from applying at all. Just to lay out the circuit split a little bit more, the 11th Circuit was persuaded by legislative history that said that the term any court should be read to refer to courts of the United States, stated as set forth in 28 U.S.C. 451. That's not in the statutory text itself. It is in the legislative history. The 10th Circuit said, well, I'm just looking at the statutory text, and it doesn't refer to 451. The 10th Circuit said, in any event, a bankruptcy court is, for jurisdictional purposes, a unit of a district court. Without conceding anything, we haven't run that argument in this case. We don't think this court needs to wait in on a circuit split and invite Supreme Court review. We think that the grounds that the district court resolved the case on would be appropriate to affirm on any of them. We think that the civil action ground that the bankruptcy court had relied on in the first instance is particularly appropriate. I know you argue that the bankruptcy court was without statutory authority to impose fees here, but you haven't contested the bankruptcy court's jurisdiction to do so, have you? That's right. We haven't contested it. If there are no further questions, we'd ask that the judgments be affirmed. Okay. Thank you. Thank you, Your Honor. I do have the cases, or I have resources of what I have. The Court of Veterans' Appeals, where the court held that it lacked jurisdiction because it was an Article I court, that was in Jones v. Derwinski, Veterans' Appeals 231, Court of Veterans' Appeals 1992, vacated but on other grounds in 985 F. Second 582, Federal Circuit 1992. With regard to what I said about the Court of Claims was added to the EJ in 1985 because a rift had developed in judicial authority, that comes from an article by Charles Haywood, 1990, Indiana University, University of Chicago, called The Power of Bankruptcy Courts to Ship Fees Under the Equal Access to Justice Act, Summer 1994, 61, University of Chicago Law Review, 1985. As to dates, dates I think are very important because you referenced, Your Honor, Rule 9002. 9002 was already enacted in 73, and Section 28 U.S.C. 2412 D was enacted in 1980, which was, of course, seven years after Rule 9002 had made it clear that a contested matter in a bankruptcy case is a civil action. And I think it's really important to emphasize that Congress knows the difference between Court of the United States and court. It's very clear Court of the United States means an Article III court, but the language of the Equal Access to Justice Act is clearly more expansive. And I want to refer to, you know, I know it's hard to talk about this after the prior case. I'm having a little trouble with it myself. But I think it's important to emphasize that Artestani, which was a case that ultimately denied coverage under the Equal Access to Justice Act, emphasized the broad nature and the remedial purpose of the Equal Access to Justice Act and said that it should be given its broad meaning unless there's clear statutory limitation. And remember Artestani did have a clear statutory limitation, but the Equal Access to Justice Act of 2048 does not have a clear statutory limitation. And civil action is not ambiguous. It's not ambiguous given the context. Let me just ask you one last question. What's your best authority for saying that your client was a prevailing party? I think the best authority is the way the bankruptcy cases have dealt with it historically. Do you have a case in particular? They are in my brief, and I can, I'm sure I can find them. I know they're in my, I know they're in my brief. We'll review your briefs. Thank you. Okay. I think, I think Edmonds, Edmonds may be one. Okay. Okay, well thank you very much. And we'll take the case under submission. Thank you. And the clerk may adjourn the court.